Dear Mr. Cannon:
We are in receipt of your request on behalf of the City Council (Board of Aldermen) of the City of Tallulah for an Attorney General's opinion regarding the deadline for reapportioning a Lawrason Act municipality. We restate your question as follows:
 When is the deadline after the latest decennial census by which a Lawrason Act Municipality is required to adopt and implement a plan of redistricting of the districts from which members of the Municipality's City Council (Board of Aldermen) are elected?
Your letter further states that the next qualifying period for the next election for Mayor and City Council members is February 13-15, 2002 and the next elections for these offices are April 6, 2002 for the primary election and May 4, 2002 for the general election. You also question whether R.S. 18:1921-1923 and R.S. 33:1371 have been precleared by the United States Department of Justice. The answer to this question is yes. Louisiana Acts 1984, No. 672 enacted R.S. 18:1921-1923, and received a no objection letter under Section 5 of the 1965 Voting Rights Act by the United States Department of Justice on December 4, 1984. Additionally, R.S. 33:1371 was enacted by Louisiana Acts 1981, No. 855
(no objection 10/23/81), and amended by Acts 1982, No. 558 (no objection 8/3/83), Acts 1986, No. 1072 (no objection 11/14/86), and Acts 1999, No. 326 (no objection 3/20/00).
The Louisiana Election Code provides for the time for reapportioning, except when provided otherwise by either the constitution or laws of this state. Louisiana Acts 1984, No. 672, added R.S. 18:1921-1923, as follows:
R.S. 18:1921 Applicability
This Chapter applies to any local governing body, including but not limited to any police jury, city or parish council, or school board, which is required under the constitution or laws of this state or of the United States to reapportion its voting districts following each decennial census.
R.S. 18:1922 Time for reapportionment; submission under Voting RightsAct
 A. Unless a different period of time is specified by the constitution or by statute, the governing authority of each local governing body shall reapportion its voting districts by the end of the year following the year in which the population of this state is reported to the president of the United States for each decennial census.
 B. If the governing body is subject to the preclearance provisions of Section 5 of the Voting Rights Act of 1965, the governing authority shall submit the reapportionment plan to the Department of Justice no later than one hundred and twenty days after the adoption of the reapportionment plan by the governing authority. (Emphasis added).
R.S. 18:1923 Failure to comply; misfeasance; sanctions
 A. Failure to meet any of the requirements of R.S. 18:1922
shall be misfeasance in office.
 B. Failure to meet any of the requirements of R.S. 18:1922
may subject the local governing authority to the sanction of having the amount of any state revenue sharing funds payable to that governing authority withheld, reduced, or both.
In Attorney General Opinion No. 94-379 [copy enclosed herein], where the City of Ville Platte [a Lawrason Act municipality] did not have a precleared plan for the 1994 fall elections, we opined:
 [L]SA-R.S. 18:1921-1923 provide time requirements and penalties for local reapportionment, as well as R.S. 33:1371 cited above. R.S. 18:1923 states that the `failure to meet any of the requirements of R.S. 18:1922
shall be misfeasance in office; and `[m]ay subject the local governing authority to the sanction of having the amount of any state revenue sharing funds payable to that governing authority withheld, reduced, or both.'
 . . . However, it is clear that the city has failed to comply with all provisions of law mandating that reapportionment occur within the specified time period, which may subject the city officials to misfeasance in office as well as withholding or reduction of state revenue sharing funds.
In Attorney General Opinion No. 91-208 [copy enclosed herein], on the issue of including inmates for reapportionment purposes, we stated:
 Local government reapportionment is required under the provisions of R.S. 33:1411 . . . The [Election] Code provides a time frame for local reapportionment and provides sanctions for failure to meet such time frame at R.S. 18:1922 and 1923.
While these opinions are relevant, they do not definitely answer your question. What is clear from these opinions is that the Election Code does provide a time frame for reapportioning, which for the 2000 census is December 31, 2001, unless a different period of time is specified bythe constitution or by statute.
LSA-R.S. 33:1371 provides for municipal reapportionment[1]. This law was enacted in 1981 by Louisiana Acts, No. 855, and amended by Act 558 (1982), Act 1072 (1986) and Act 326 (1999). The law provides as follows:
R.S. 33:1371 Reapportionment of municipal districts required after eachdecennial census; effective date
 A. (1) Except as otherwise provided in a homerule charter, the governing authority of any municipality which contains two or more districts from which public officials are elected shall, within one year after the official release of every decennial census, examine
the apportionment plan of the municipal districts composing the municipal governing authority to determine if there exists any substantial variation in the representation of the districts. After the examination the governing authority of such municipality shall, by ordinance adopted by a majority of the members thereof, either declare the apportionment of the districts to be equitable and continue its existing apportionment plan or provide for a new apportionment plan.
 (2) The time period for examination of the apportionment plan of municipal districts, as provided herein, for municipalities governed by the provisions of Part I of Chapter 2 of Title 33 of the Louisiana Revised Statutes of 1950 shall be within six months of the official release of every decennial census.
 B. If reapportionment is necessary it shall be made effective at the end of the term of the incumbent officials. However, the effective date of such reapportionment shall not occur between the date on which municipal officials qualify for election and the date of the election.
 C. The boundaries of any election district for a new apportionment plan from which members of a municipal governing authority are elected shall contain, to the extent practicable, whole election precincts established by the parish governing authority under R.S. 18:532 or 532.1.
In accordance with Article 13 of the Civil Code, all of these laws [R.S.18:1921-1923 and R.S. 33:1371] are on the same subject matter and must be interpreted in reference to each other. It is our opinion that R.S.33:1371 only provides for an examination period, that being six months for Lawrason Act municipalities and one year for all other municipalities which do not have a home rule charter that provides otherwise. We do not find any clear language in this statute which specifies a time or deadline by which reapportionment, if necessary, must be accomplished. Thus, R.S. 18:1922 is the only requirement by law which provides for a deadline to reapportion and applies herein[2].
Since the census data [not the population data] was released to the State of Louisiana in March of 2001, the language of R.S. 33:1371 indicates that the examination period for a Lawrason Act municipality is required to be completed in six months [September of 2001] and the municipality has two choices, (1) adopt an ordinance stating that the present apportionment is equitable and it will continue to be used, or (2) adopt an ordinance which provides for a new apportionment of the municipal districts. If the municipality chooses to reapportion, same is required to be done by the end of the year following the year in which the population of this state was reported to the president [December 31, 2001].
For all other municipalities which do not have a home rule charter provision that provides otherwise, although the examination period is one year [March 2000 — March 2001], the latest expression of law, R.S. 18:1922, requires reapportionment, if necessary, to be completed by December 31, 2001.
If a municipality provides for a new apportionment plan, the law [R.S.33:1371(B)] provides that it be effective at the end of the incumbents' term. In other words, the new apportionment plan can not affect the incumbents' term. Additionally, a new apportionment plan can not become effective between the date of qualifying and the election. In other words, the new apportionment plan must become effective prior to the election so that candidates run from properly apportioned districts in accordance with the one-person, one-vote principles of federal law[3]. Finally, a new apportionment plan must become effective in time to complete a Section 5 submission under the 1965 Voting Rights Act, which takes at least 60 days alone for the review period[4].
The Secretary of State's office has advised that 26 municipalities will have elections in the spring of 2002, with the primary election being held on April 6, 2002. Thus, completing reapportionment, if necessary, by December 31, 2001 will increase the likelihood of having sufficient time for the municipalities to obtain Section 5 approval by the U.S. Department of Justice in time for these elections. Last, but not least, the Registrars of Voters across the state will also need sufficient time in which to implement the new election data into their system for voting purposes.
If we can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 __________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Enclosures
Cc: LA House Governmental Affairs Committee, Reapportionment Subcommittee LA Senate Governmental Affairs Committee Secretary of State Commissioner of Elections
[1] LSA-R.S. 33:1411 provides for reapportionment of parish governments.
[2] R.S. 17:71.5 does provide for a different time period for completing reapportionment of school boards, which is on or before December 31 of the second year following the year in which the population of Louisiana was reported to the president [December 31, 2002], and thus, R.S. 18:1922 is not applicable to school boards.
[3] See, Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506
(1964), and U.S.C.A. Const. Amend. 14.
[4] See, 42 U.S.C.A. 1973.